**YOU GAN LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–2493–AG.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Rudolph A. Filko, Assistant United States Attorney (Christopher J. Christie, United States Attorney for the District of New Jersey, on the brief), Newark, New Jersey, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

You Gan Lin (A73 577 789), through counsel, petitions for review of the April 26, 2004 BIA decision dismissing his appeal of Immigration Judge ("IJ") Robert D. Weisel's denial of Lin's motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Ordinarily, an alien who has been ordered removed *in absentia* must file a motion to reopen within 180 days of the date on which the decision was rendered. However, that 180–day period is subject to equitable tolling in cases where ineffective

assistance of counsel caused the alien to file in an untimely fashion. *Iavorski v. INS,* 232 F.3d 124, 129–34 (2d Cir.2000). In order to invoke equitable tolling, however, an alien must demonstrate that his counsel's performance was so deficient as to impinge upon his constitutional due process rights and that he exercised due diligence in filing the motion.

Lin's motion consists of two parts: he claims first that he was ordered removed *in absentia* due to ineffective assistance of counsel, and second, that he has a well-founded fear of persecution under the family planning policy in China on account of his two children born in the United States. Although his motion was untimely, Lin argues that the filing deadline should be tolled equitably due to ineffective assistance of counsel.

■ The BIA did not exceed its discretion in determining that Lin failed to exercise due diligence during the period he seeks to toll. Lin was ordered removed *in absentia* in 1999, yet he did not file his motion until 2003, and he did not provide any explanation to the BIA for why he was unable to file his motion sooner than four years after the hearing.

■ Further, the BIA did not exceed its discretion in denying Lin's motion to reopen for failure to produce sufficient evidence that he would be persecuted in China on account of his two U.S.-born children. The documents Lin submitted in support of his motion to reopen included an affidavit from Dr. John Aird and other articles regarding the Chinese family planning policy. However, the articles submitted do not discuss whether there is a national policy regarding the treatment of parents with U.S.-born children. While Dr. Aird's affidavit sets forth that U.S.-born children are treated the same as children born in China under the family planning policy, because the affidavit was not specifically prepared for Lin or particular-

ized with regard to his circumstances, its relevance is limited. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006).

Accordingly, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.